UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | 1:09-cv-00180-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING AS MOOT PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| M. BRHEL, | ) | TO TERMINATE THE ACTION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636 (c), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Doc. 10).

Petitioner filed this petition on January 8, 2009, in the Sacramento Division of this Court. (Doc. 1). Although the petition is presented on a form complaint for filing civil rights claims pursuant to 42 U.S.C. § 1983, the Clerk of the Court designated the case as a habeas corpus petition and the reviewing Magistrate Judge considered it to be a habeas corpus petition. This apparently was because the nature of the relief sought was chance to prove that his confinement on the parole revocation was unlawful.[1] Petitioner claims that the Board of Parole Hearings ("BPH"), and specifically the deputy commissioner of the BPH, Mr. Brhel, the named defendant,

---

[1] Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489-490, 500, 93 S. Ct. 1827 (1973). Where a state prisoner brings a § 1983 action attacking the manner or length of his incarceration, the district court will construe his claim as a habeas petition. Young v. Kenny, 907 F.2d 874, 875-878 (9th Cir. 1990).

1

relied upon "reports and documents that was [sic] never in his ownership, nor was the documents produced on the hearing date." (Doc. 1, p. 5). The gravamen of Petitioner's claim is that his parole was wrongly revoked based on evidence that was erroneous in suggesting that he did not maintain a stable residence, was not working, and was not within the county of his parole, presumably all violations of Petitioner's conditions of parole. (Id.). In his prayer for relief, Petitioner asks to show the Court "that he was denied the right to a fair hearing by the Defendant," and that Defendant's decision "caused Plaintiff to be held in violation of the laws, Constitution, and treaties of the United States." (Id.). Petitioner also sought $167,000 in damages. (Id.). The heading on the complaint/petition indicates that, as of January 8, 2009, Petitioner was incarcerated in the state prison facility at Tehachapi, California, which is within the jurisdiction of the Fresno Division of this Court. Accordingly, the Magistrate Judge assigned to this case in the Sacramento Division transferred the case to this Court on January 29, 2009. (Doc. 6). Shortly before the case was transferred, Petitioner filed a notice of change of address that indicated he was now residing at 340 North Madison Avenue, Los Angeles, California. (Doc. 5).

On March 4, 2009, Petitioner filed with the Court a notice of related cases, indicating that a related case, No. 2:09-cv-00229-DAD, was pending in the Sacramento Division of this Court and that this related case involved "the same transaction or event..." (Doc. 11). On further review of that related case, it appears that on January 26, 2009, Petitioner filed a civil rights complaint pursuant to §1983 in the Sacramento Division of this Court alleging, naming the BPH, and Petitioner's parole agent and his supervisor as defendants, and contending that his constitutional rights were violated when he was arrested on August 5, 2008 on the "false allegations" of his parole officer and his supervisor, who, Petitioner alleged, "submitted false reports stating that the whereabouts of Plaintiff were unknown until 8-5-08." (Complaint, p. 3). Petitioner seeks $50,000 in damages in that suit. Petitioner further alleges that the BPH relied upon those false reports, resulting in a revocation of Petitioner's parole and his "wrongful custody" for a total of 167 days. (Id.).

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1984). The Court has no power to decide cases that do not affect the rights of the litigants in the case before them. Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617 (1976); NAACP, Western Region, 743 F.2d at 1353.

At the time of the filing of the petition, Petitioner was apparently in custody for a parole violation. Subsequent to the filing of the petition, Petitioner appears to have been released from custody and is now living in Los Angeles, California. Thus, it appears that Petitioner is not currently in custody for the parole violation which is the subject of this habeas corpus proceeding.

A habeas petition that challenges an underlying conviction is not rendered moot by the expiration of the sentence that was imposed as a result of the conviction. Lane v. Williams, 455 U.S. 624, 631-32, 102 S.Ct. 1322 (1982); Sibron v. New York, 392 U.S. 40, 55-56, 88 S.Ct. 1889 (1968); Wood v. Hall, 130 F.3d 373, 376 (9th Cir.1997). In such a case, there is a presumption that a criminal conviction has some continuing, collateral consequences that will preclude mootness, even if the collateral consequences are remote and unlikely to occur. See Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983, 985 (1998). However, this presumption of continuing collateral consequences that is applied to criminal convictions does not extend to parole revocations. Spencer, 523 U.S. at 112. If a petitioner's parole violation term has already been served, the petitioner who seeks to challenge that parole revocation must demonstrate that continuing collateral consequences exist to preclude mootness. Id. at 13-16; see Cox v.

McCarthy, 829 F.2d 800, 803 (9th Cir.1987).

In this case, it appears that Petitioner has already served the parole revocation term which forms the basis of his habeas petition. Petitioner has not alleged, let alone proven, that any collateral consequences will result from the challenged parole revocation. Furthermore, the Supreme Court has reviewed many hypothetical collateral consequences of a parole revocation finding–e.g., its use in a possibly future parole denial, in a possible future parole revocation, for impeachment evidence, and for a civil rights lawsuit--and found these consequences too speculative and dependent on too many other variables to constitute collateral consequences that would preclude mootness. Spencer, 523 U.S. at 12-16. Therefore, a finding by this Court in Petitioner's favor concerning the petition's claims would not entitle Petitioner to any beneficial collateral consequence. In other words, no disability on Petitioner will be removed nor will Petitioner be entitled to any additional benefit if this Court were to find that any of the constitutional violations alleged in the instant petition actually occurred. See Lane, 455 U.S. at 633. Thus, this petition is moot. The Court cannot release Petitioner from a term of incarceration that he no longer serves. Cox, 829 F.2d at 803.

Petitioner is free to pursue his civil rights claim against the BPH and his parole officers in case no. 2:09-cv-00229-DAD in the Sacramento Division of this Court. The fact that this habeas claim arising out of his brief period of incarceration for his parole revocation is now moot because of his release from custody does not in any way restrict his ability to pursue appropriate legal remedies under § 1983. Spencer, 523 U.S. at 19 (Souter, J., diss.)(mootness of habeas claim arising out of completed parole revocation term does not preclude petitioner from pursuing civil rights claim).[2]

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

---

[2]Since the case filed in the Sacramento Division was designated by the Clerk's office as a civil rights complaint, rather than, as here, a petition for writ of habeas corpus, Petitioner will not be subject to the same mootness concerns as he has been in this case.

4

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as MOOT; and,

2. The Clerk of the Court is DIRECTED to enter judgment and to terminate this action in its entirety.

IT IS SO ORDERED.

Dated: **April 1, 2009**  **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE